**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4498**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAYSON COLLINS PHILPOTT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:09-cr-00038-D-1)

Submitted:  October 19, 2011          Decided:  November 14, 2011

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.    Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayson Collins Philpott pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Philpott received an above-Guidelines ninety-month sentence. On appeal, Philpott argues that his sentence is procedurally and substantively unreasonable. Specifically, he claims that the district court provided an inadequate explanation for its upward variance from the advisory Guidelines range and that the court's reasoning was insufficient to justify the extent of the upward variance. We affirm.

This court reviews a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This court first examines the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). This court also must ensure that the district court analyzed any nonfrivolous arguments presented by the parties, sufficiently explained its reasons for rejecting those arguments, and made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 49-50; Carter, 564 F.3d at 328. Because

2

Philpott argued for a sentence different from the one imposed, he properly preserved his claim of procedural sentencing error, and we will reverse an abuse of discretion unless we conclude the error was harmless. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010).

If this court finds a sentence procedurally reasonable, it then examines the substantive reasonableness of the sentence under the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Where the sentencing court imposes a sentence outside the Guidelines range, it "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Id. (quoting Gall, 552 U.S. at 50). This court "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

It is apparent from the record that the district court considered both parties' arguments and had a reasoned basis for its variance from the Guidelines range. The district court properly considered the § 3553(a) factors and explained that it was varying from the Guidelines range because a within-Guidelines sentence would not account adequately for the

3

seriousness of Philpott's offense and criminal history, nor provide sufficient deterrence or just punishment for his crime. The court also specifically addressed defense counsel's argument for a within-Guidelines sentence and explained why it was not adopting counsel's request. Under the circumstances, we are satisfied that the district court rendered an individualized assessment in this case and adequately explained the upward variance and that the sentence is procedurally sound. Finally, we cannot conclude that the district court abused its discretion in imposing a nineteen-month upward variance, and we hold that the sentence is substantively reasonable in light of the seriousness of Philpott's criminal history, his extensive involvement with firearms, and the district court's reasoned analysis of the relevant § 3553(a) factors.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4